FILED - GR
February 20, 2008 1:22 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __mrs__ /_____

In the District Court of the United States
Western District of Michigan

Page 14 Missing

Jack Lee., Elliott
Plaintiff.

Against

Case No.:1:07-cv-904
Judge: Joseph G. Scoville

DAVID A. HOORT,

DEFENDANT ,

Jack Lee., Elliott Plaintiff
c/o 2705 North State Road
Ionia, Michigan
616-527-8512
517-371-9000

Cohl, Storker, Toskey, & Mcclincy PC.
for DEFENDANT HOORT
601 N. Capitol Avenue
Lansing, MI 48933

# Plaintiff's Response to DEFENDNANT HOORT'S Motion To Dismiss and/or Motion Summary Judgment
## With Affidavit

1.] Plaintiff Jack Lee., Elliott comes now before this court in response to DEFENDANT HOORT'S **FRIVOLOUS** Motion To Dismiss and/or Motion Summary Judgment. This court set a date to amend pleadings of February 1st, 2008. Plaintiff placed in the United States Post Office on January 28th, 2008 an amended complaint, sending one copy to DEFENDANT HOORT'S attorney and three copies to the court being one original, one judge's copy, and a copy to be returned to plaintiff in the self-address and postage paid envelope.

2.] DEFENDANT HOORT'S motion is premature and makes a claim that he was acting judicially. DEFENDANT HOORT'S attorney has perpetrated a fraud upon this court stating that plaintiff referred to the DEFENDANT as Judge Hoort in the on page 2 of the complaint this is not a true statement. DEFENDANT HOORT may hold an office of judge, but he was not acting as a judge in plaintiff's action.

1

3.] Plaintiff will show this court that DEFENDANT HOORT was not acting judicially first by the fact that he was a witness in the case. Second that he held a session of court for Ionia county while holding a session of court in Montcalm county. Third DEFENDANT HOORT had no clerk present while making his administrative orders.

4.] That the *Rooker-Feldman Doctrine* does not apply in this action as this court is not being ask to review and overturn any orders issued in a state court as these orders were appealed in THE MICHIGAN STATE COURT OF APPEELS *file No. 280973*. This case is to decide whether one who holds an office of the *"Public Trust"* and violates that trust can claim immunity.

5.] This court cannot ignore the actions the fraud and due process violation perpetrated by DEFENDANT HOORT. No office of the "Public Trust" in this American Republic can sanction or condone direct and deliberate obstruction to the right to seek justice.

Wherefore plaintiff respectively request the court deny the DEFENDANT HOORT'S Motions and award plaintiff cost and any other relief the court deems proper.

Date: February 19th, 2008

Respectively Submitted

Jack Lee, Elliott

2

## Table Of Contents

|  | page |
|---|---|
| Introduction | 4 |
| Statement of Facts | 4 |
| Argument | 6 |
| Due Process | 12 |
| Conclusion | 14 |
| Color of Office | 14 |

## Table Of Authorities

|  | Paragraph | Page |
|---|---|---|
| American and English Encyclopedia of Law vol VIII | 6 | 7 |
| The Atlantic Monthly Magazine January 1867 | 12 | 12 |
| BRISCOE v. LaHUE, 460 U.S. 325 (1983) | 12 | 12 |
| Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) | 10 | 10 |
| DEARBORN TP.v.DAIL 334 Mich. 673, 55 N.W.2d 201 (1952 | 8 | 9 |
| Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. (1993) | 10 | 11 |
| DUNLAP v TOLEDO & A.A.R.CO. 50 Mich.470 (1883) | 2 | 6 |
| Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972 | Due Process 1 | 12 |
| Gaston v. The Board of Commissioners of Marion County 3 Ind. 497 | 8 | 9 |
| Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1998). | 10 | 11 |
| In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976) | 10 | 11 |
| Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. | 10 | 10 |
| Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994) | 1 | 6 |
| Mich. 1963 Const. Art. 6, Sec. 14 and Act No. 236 of the Public Acts of 1961 sec 600.571 | 2 | 7 |
| 1963 Michigan Constitution Article XI sec. 1 | 13 | 12 |
| Michigan Rules of Court 2.003 (B) (6) (d) | 1 | 6 |
| Michigan Rules Of Court 2.119 (E) (3) | 2 | 6 |
| Michigan Rules Of Court 8.111 | conclusion | 12 |
| Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) | 7 | 9 |
| NORTON v. SHELBY COUNTY, 118 U.S. 425 (1886) | 5 | 7 |
| Pennoyer v Neff 95 US 733 | Due Process 2 | 12 |
| People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980) | 6 | 8 |
| Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) | 10 | 11 |
| Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) | 13 | 12 |
| The Grounds and Rudiments of Law | 6 | 8 |
| THE STATE v. CONNER 5 Blackf. 325 | 8 | 9 |
| Thomas Cooley in his Constitutional Limitations | 5 | 7 |
| United States Statutes At Large 1 chap 1 | 2 | 6 |
| WILL v. MICHIGAN DEPT. OF STATE POLICE, 491 U.S. 58 (1989) | 12 | 12 |

## Brief in Support of Plaintiff's Response

### Introduction

1.] This action was filed September 12th, 2007 for the actions DEFENDANT DAVID A. HOORT took in is private capacity. Mr. HOORT is not an honorable man as his attorney claims, as to be honorable you must be honest, not disposed to cheat or defraud; not deceptive or fraudulent. This case will determine were the line is to be drawn as to the immunity for those who hold an office of the _"public trust"_.

2.] This case deals with the similar issues as Judge G. Michael Hocking, of Michigan's 56th Circuit Court whose extra-judicial acts were not sanctioned by Judge Richard A. Enslen of this court. DEFENDANT HOORT'S action although not violent was done with his personal bias and prejudice against plaintiff, to further his political views, and was not conducted from the bench. DEFENDANT HOORT continued the act of fraud and deceit claiming to be a judge even with the full knowledge that he was a witness in the case. DEFENDANT HOORT 'S intent was to obstruct plaintiff's right of action to obtain justice and to protect his personal political views.

3.] The main issues this case presents may be framed as follows: Can a man be a witness and a judge in the same case? Can a man be a judge in his own cause by determining the status and validity of a subpoena that was served upon him? This case will also determine what are judicial acts and how anyone who is acting administratively in the courts can be acting judicial. This case will also decide at what point is jurisdiction is lost for failure to follow accepted procedures.

### Statement of Facts

1.] Plaintiff agrees in part with DEFENDANT HOORT'S first sentence in his Statement of Facts that he was plaintiff in _Jack Lee., Elliott v Water Downes et, al. Case no 06-M-24618_ (hereafter _Elliott v Downes_) . Note the case letter was M not H, as the Chief Judge Charles H. Miel was the

4

judge assigned originally to the case and disqualified himself and assigned it down to DEFENDANT HOORT. (see exhibit 1)

2.] Plaintiff then filed a motion to disqualify DEFENDANT HOORT on April 4th, 2006. This motion was unopposed by the defendants in (*Elliott v Downes*),(see exhibit 2)

3.] DEFENDANT HOORT did refer the disqualification to the MICHIGAN STATE COURT ADMISTRATOR'S OFFICE who did not follow procedure in assigning Paul Sullivan.(see exhibit 3)

4,] Paul Sullivan ruled against plaintiff without opposition in the file to support his ruling.

5.] DEFENDANT HOORT issued a scheduling order on August 31st, 2006 .(see exhibit 4)

6.] In accordance with this order plaintiff gave notice that DEFENDANT HOORT would be a witness in the case. .(see exhibit 5)

7.] DEFENDANT HOORT canceled three hearings that were scheduled in the case (*Elliott v Downes*) being June 19th, 2007, September 10th, 2007 and September 14th, 2007. Two of these dates were canceled the day of the hearing without an order or proper notice to the parties and after DEFENDANT HOORT was served a subpoena to be a witness August 28th, 2007. (see exhibit 6)

8.] That plaintiff appeared for the hearing of September 10th, 2007 and confirmed that it was still on the docket and waited close to an hour before DEFENDANT HOORT'S court administrator told him and the opposing counsel for the IONIA COPUNTY DEFENDANTS in (*Elliott v Downes*) that the hearing had been canceled. (see exhibit 7)

9.] FOSTER SWIFT COLLINS AND SMITH PC. who were attorney for EASTON TWP. DEFENDANTS in (*Elliott v Downes*) had talked with DEFENDANT HOORT or his agent earlier that day and decided not to have the hearing or to reschedule there motion to squash plaintiff's subpoenas to have their clients testify at the hearing of September 14th, 2007 giving the appearance of *Ex-Parte* communication.(see exhibit 8)

## Argument.

1.] DEFENDANT HOORT could not be the presiding judge in the (*Elliott v Downes*), first it will be proved that not only was there an appearance of bias and prejudice it will be proved he knew that he was biased and prejudice embellishing falsehoods (see exhibit 9 page 9 and the letter inserted before page 10). Secondly after February 22nd, 2007 when DEFENDANT HOORT became a witness in the case. *Michigan Rules of Court* 2.003 (B) (6) (d) "...***is to the judge's knowledge likely to be a material witness in the proceeding...***" making it ministerial duty for DEFENDANT HOORT to disqualify himself. *Litchy v. U.S., 114 S.Ct. 1147, 1162 (1994).* Stated

> Federal law requires the automatic disqualification of a Federal judge under certain circumstances.
> In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added].

2.] It is true that DEFENDANT HOORT cited *Michigan Rules Of Court 2.119 (E) (3)* in all his orders. This will be proven as an abuse of the rules, an unconstitutional rule as it deprives the right of action DUNLAP v. TOLEDO & A. A. R. CO. (50 Mich. 470) Filed April 25, 1883.), and shows the contempt of Mr. HOORT for the courts that employ him as well as perjury of his "Oath Of Office" .(see exhibit 10) (*United States Statutes At Large 1 chap 1*). Plaintiff maintains that the public office cannot commit a crime only the person holding it. In other words the public office is not a shield of immunity for one committing crimes against the people.

3.] It is also a fact that the Ionia County Clerk did not attend a session of court where the case (*Elliott v Downes*) was called upon the record. (see exhibit 11) That DEFENDANT HOORT was not in IONIA COUNTY on September 5th, 2008, yet he claimed that he held a session of court. In

6

Michigan Courts the county clerk is the clerk of the court and is required by law to attend the sessions of court. *Mich. 1963 Const. Art. 6, Sec. 14 and Act No. 236 of the Public Acts of 1961 sec 600.571*

4.] DEFENDANT HOORT had extensive knowledge of the events that took place December 5th, 1995 against plaintiff. The events that happened at that time would have proved that plaintiff had a reason to fear the threats made by the officers and agents of EASTON TWP. and that the IONIA COUNTY SHERIFF'S DEPT. would carry them out. DEFENDANT HOORT'S testimony was a vital part of plaintiff's case in establishing the malicious intent of the officers and agents of EASTON TWP. DEFENDANT HOORT also would have been able to establish a time line for the "statute of limitations" which proved no probable cause existed in the action EASTON TWP took against plaintiff.

5.] DEFENDANT HOORT cannot claim any type of judicial privilege for his action he took as a 64A District Court Judge for two reasons. The first is that he was disqualified from that case. Second and more importantly the ordinance used to create the warrant was not authorized by law. (see exhibit 12) That IONIA COUNTY BOARD OF COMMISSIONER'S repealed this ordinance October 2005, as they lacked statutory authority to have it. It has been a maxim of law quoted by the finest legal minds of this country such as Thomas Cooley in his *Constitutional Limitations* that any law that is void is void the day it was passed *NORTON v. SHELBY COUNTY, 118 U.S. 425 (1886)*

> An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.

6.] DEFENDANT HOORT'S attorney would have this court believe that his client was acting judicially. Judicial has been defined as, relating to, or proper to courts of law or to the

7

administration of justice: According to the *American and English Encyclopedia of Law vol VIII and "People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980)".[1]* and *The Grounds and Rudiments of Law*[2]:

1. a court is an incorporeal being, which requires for its existence the presence of a judge. The words judge and court are frequently used as convertible terms. But strictly speaking this is a misuse of the words, as a judge alone does not constitute a court "A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court. *People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980)."*

2. Codes of Procedure Are for Courts of Record, which have various officials and divisions of state power, which in part is participated in by a constitutional officer exercising ministerial functions and called a clerk. His functions are exclusive and constitutional; he cannot be construed from the scheme. ... A clerk is of constitutional enumeration and his functions are implied if not expressed. That record and that official are of constitutional concern; mortised and dovetailed in that record are innumerable rules of procedure. Consequently the view appears that there is much of procedure that may be classed as constitutional law... It is a question of jurisdiction when a court attempts to exercise authority upon false judicial recitals, false allegations, a judicial sham or mockery, or a false return of process. Also when the judicial department excludes the clerk and his functions- the ministerial department, which alone can make a constitutional record, and which, so to speak, is a power of attorney, the charter of a court's authority, power or right to act upon any particular controversy. Acting beyond this is exceeding the law. For wrongs so committed there is no immunity or protection for even a superior judge; he is not acting according to "the course of the common law; nor within boundaries that can find any justification or palliation in a constitutionalism....

7.] In DEFENDANT HOORT'S brief section B of his Argument he is claiming Judicial Immunity. There is no proof that DEFENDANT HOORT was acting judicially in the case (*Elliott v Downes*) of his factual statement. This brief does not state any fact to support DEFENDANT HOORT was engaged in a judicial setting. As the clerk was not present, which is a necessary element for a judicial court in Michigan DEFENDANT HOORT could not have been acting within the constitutional scope of his office of the "*public trust*". In American Jurisprudence as

---

[1]

the law stands, there is no "absolute judicial immunity" and our Supreme Court requires the two-prong tests:

1.] Does the court have subject matter jurisdiction;

2.] Is the act a judicial act.

Then and only then, according to *Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)* does judicial immunity apply. DEFENDANT HOORT upon being noticed that he was a witness in case (*Elliott v Downes*), became a private individual committing fraud and deceit upon the court and the. Plaintiff. Plaintiff was without remedy in the Michigan State Courts to stop DEFENDANT HOORT from destroying his right of action of plaintiff.

8.] Circuit Courts in Michigan are constitutional "courts of record" and the judges who preside over this court can only acquire jurisdiction from the files and entries of record. Being a court of record, it must speak by its record; that is, by its files and entries of record. *Gaston v. The Board of Commissioners of Marion County 3 Ind. 497;* THE STATE v. CONNER *5 Blkf. 325*. DEFENDANT HOORT'S action went outside the record depriving him of the claim of judicial immunity. DEFENDANT HOORT would have this court believe he was acting judicially because many of the judges in the Michigan courts do what he did In *DEARBORN TP.v.DAIL 334 Mich. 673, 55 N.W.2d 201 (1952)* it said that acts against a constitution are not cured by time and immunity not sanctioned by a constitution must suffer the same fate..

> Neither contemporaneous construction of a statute nor long acquiescence can prevail over the plain language of the Constitution, which the statute violates, when the constitutional question is presented to Supreme Court for first time.
> Fact that justices of the peace have acted as de facto members of township boards over the years does not make them members de jure if statute under which they acted is unconstitutional.

2

9.] DEFENDANT HOORT being a witness in the case deprived him from presiding on it. This court can take "Judicial Notice" of the maxims of law such as you cannot be a judge in your own cause. In order for DEFENDANT HOORT to rule himself out of being a witness, he would become a judge in his own cause.

10.] DEFENDANT HOORT had full knowledge of the MICHIGAN STATE COURT ASMINISTRATOR'S OFFICE employee J. Bruce Kilmer's improper assignment. DEFENDANT HOORT had a duty to make sure all procedures are followed in the assignment of judges. Mr. Kilmer hand-picked Paul Sullivan from the KENT COUNTY CIRCUIT COURT for the third time in a row to hear disqualification of a judges in the cases involving plaintiff. *Michigan Rules Of Court 8.111* governs the assignments stating it should be done by lot. Mr. Kilmer did not draw by lot as IONIA COUNTY is region III and KENT COUNTY is region II. Also Mr. Kilmer does not have an oath of office and therefore cannot be signing an order of assignment. These action are a fraud upon the court as it is fraud upon the judicial machinery and was not done by one of the parties in *Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),*

> The court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."
> "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512,* ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

Other cases cited below one coming from the Sixth Circuit lay out the facts that need to be established for "Fraud Upon The Court". DEFENDANT HOORT has met those requirements.

10

First DEFENDANT HOORT is an officer of a court. Second when he refused to answer to the subpoena he directed his fraud to the court. DEFENDANT HOORT also concocted an oral deposition out of a deposition to produce documents. Third DEFENDANT HOORT by stopping all the hearings and turning Objections into Motion For Reconsideration (see attached register of action exhibit 8) meets the intentionally false and reckless disregard for the truth. The fourth point is DEFENDANT HOORT had a duty to the court, to disclose his bias and prejudice against plaintiff. Fifth DEFENDANT HOORT deceived the court by issuing orders while in the wrong court after being served a subpoena.

> The United States Court of Appeals for the Sixth Circuit has set forth five elements of fraud upon the court which consist of conduct: "1. On the part of an officer of the court; 2. That is directed to the 'judicial machinery' itself; 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. That deceives the court." *Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993)*. Although other United States Courts of Appeals have not articulated express elements of fraud upon the court as the Sixth Circuit did, the doctrine has been characterized "as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)* (citations omitted); see *also Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)* (holding "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court"). Additionally, fraud upon the court differs from fraud on an adverse party in that it "is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1998)*.

11.] DEFENDANT HOORT'S attorney also makes reference to Motion for Reconsideration in his statement of facts. Plaintiff did not file any motions for reconsideration only Objections. Again the register of action proves this to be fraudulent. DEFENDANT HOORT turned plaintiff's Objection into Motions for Reconsideration so he could abuse the Court Rules by ruling on

objection without a hearing. DEFENDANT HOORT did not want any hearings, as he knew the fraud that he perpetrated on the court would have been place upon the record.

12.] In the American System of Law it was not sanction to allow those officials who hold an office of the *"Public Trust"* to commit breaches in their duty and then claim immunity. In *The Atlantic Monthly Magazine January 1867*, an article on *The Causes For Which A President Can Be Impeached* (see exhibit 13) it stated the legal maxim "*The King Can Do No Wrong*" was not intended by the framers of our constitution and has been address in many cases such as *WILL v. MICHIGAN DEPT. OF STATE POLICE, 491 U.S. 58 (1989) and BRISCOE v. LaHUE, 460 U.S. 325 (1983)*.

This article also states that framers did not want to allow to the chief magistrate no sort of regal immunity.

13.] The next thing this court needs to rule on is DEFENDANT HOORT'S "Oath Of Office" (see exhibit 10) (*1963 Michigan Constitution Article XI sec. 1*). This oath is DEFENDANT HOORT'S authority to act. Plaintiff alleges that DEFENDANT HOORT violated this oath and in doing so waived any immunity that he might have had. The U.S. Supreme Court, in *Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)* stated that

> "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.

## Due Process

1.] The Fifth Amendment to the United States Constitution not only secures the right of "due Process" in criminal cases it secures it to civil cases as well. The basic function is to provide "an opportunity to be heard...at a meaningful time and a meaningful place," promoting fairness in

dispute resolution - *Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).* Heard is the past tense of hear which as been defined by Merriam-Webster as follows:

> 1 a : the process, function, or power of perceiving sound ; specifically : the special sense by which noises and tones are received as stimuli
> 2 a : opportunity to be heard, to present one's side of a case, or to be generally known or appreciated b (1) : a listening to arguments (2) : a preliminary examination in criminal procedure c : a session (as of a legislative committee) in which testimony is taken from witnesses

As proven by the register of actions no hearing took place in any of the actions taken by DEFENDANT HOORT after the disqualification that can be proven to be of a judicial nature. DEFENDANT HOORT took great pains to make sure the *"public"* could not witness the fraud and obstruction of justice he committed against the court. That as stated earlier DEFENDANT HOORT twisted Objections into Motion for Reconsideration in order to use the Michigan Rules Of Court as a cover for his crime.

*"Due Process"* meant by the Fifth Amendment protects the property of the people from the arbitrary intrusion and taking of their property by government *("nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation")*. Property being used in its generic terms can mean corporeal or incorporeal, real or personal of which the right of action is property. That if any property is taken without a hearing that taking is in violation of the "Due Process" clause of the Fifth Amendment. DEFENDANT HOORT did this act and in doing so compromised his oath committing perjury. "Due Process" requires the right to an impartial judge *(nemo judex in parte sua)* and the evidence is overwhelming that DEFENDANT HOORT could not ever be viewed impartial in any action plaintiff would be involved in.

2.] In *Pennoyer v Neff 95 US 733*, the US Supreme Court said of due process protects *the "Private Rights"* of the people. The court said:

13

The "Office Of Judge" cannot be corrupt, malicious, dishonest, or violation of the laws and rules that govern its authority. It would be legally a oxymoron to allow an office to be colored to the point that the action of the officer contradicts the law and rules that governs the office

## Conclusion

DEFENDANT HOORT makes many claims of defense but they do not defeat his fraudulent actions committed against the court, the due process violations, and his destroying plaintiff's right of action. DEFENDANT HOORT did not have, nor maintain jurisdiction of the case. Many of the procedures for a court to acquire jurisdiction were violated such as *Michigan Rules Of Court 2.003* violated by DEFENDANT HOORT and *8.111* being violated by the MICHIGAN SCAO and upon his being named a material witness in that case DEFENDANT HOORT could not proceed as a judge. To state it another way even if DEFENDANT HOORT was not a witness the fact he allowed the MICHIGAN SCAO to violate procedure as well as his own violations of procedure denied him the authority to hear the case of Elliott v Downes. DEFENDANT HOORT did not engage at any time in a truly judicial act as all his action were based on his vindictive and calculated acts of bias and prejudice.

Also DEFENDANT HOORT did not submit an affidavit with the motions proving how he was acting judicially, so the court must treat his Motion and brief as a fictional story.

Wherefore plaintiff moves this court to deny DEFENDANT HOORT'S Motions and to assess all cost for plaintiff time to respond to a patently FRIVOLOUS defense and any other relief the court deems proper.

Date: February 19th, 2008

Respectively Submitted

*Jack Lee, Elliott*

15

Plaintiff's Affidavit of Facts
Case No. 1:07-cv-904

Plaintiff, Jack Lee., Elliott having affirmed the truth of this affidavit and being competent to testify to the same states these facts:

1 I was the plaintiff in Jack Lee., Elliott v Walter Downes et, al. Case no 06-M24618-CZ filed in February 2006.

2. That the case cited above was assigned to the Chief Judge Charles H. Miel who disqualified himself because of the Ionia County defendants.

3. Judge Charles H. Miel assigned the case down to DAVID A. HOORT who would not disqualify hoimself.

4. I filed a Motion To Disqualify DAVID A. HOORT who denied it even though it was unopposed and no defendant appeared at the hearing.

5. In this hearing DAVID A. HOORT perjured his testimony stating that he was not ask to disqualify himself in an appeal stated in the transcript of April 25th, 2006

6. DAVID A. HOORT did turn the disqualification over to the MICHIGAN STATE COURT ADMINISTRATOR'S OFFICE who jumped regions from III to II hand picking Paul Sullivan to hear the disqualification..

7. Paul Sullivan rule against me without any opposition in the record showing DAVID A. HOORT was not bias and prejudice. From Paul Sullivan's action it may be presumed that his was practicing law from the bench.

8.As soon as Paul Sullivan covered for DAVID A. HOORT by ruling against me DAVID A. HOORT on August 31st, 2006 issued a scheduling order.

9. In accordance with this scheduling order I notified DAVID A. HOORT that he would be a witness in the case.

1

10. DAVID A. HOORT refused to get another judge for the case instead he continued to rule contrary to his scheduling order and the record.

11 DAVID A. HOORT was served a subpoena in late August of 2007, which was not ruled upon.

12 DAVID A. HOORT continued to make orders ruling on objection by his renaming then to Motion For Reconsideration.

13 That at no time after the disqualification hearing was I before DAVID A. HOORT in a judicial setting, which is proven by the affidavit of the Ionia County Clerk.

14. That the statement I made in the original complaint show the some of the many events that took place between DAVID A. HOORT and I

*Jack Lee., Elliott*

Jack Lee., Elliott has come before me, *Janae K Cooper* a notary republic on this 13th day of February 2008 and affirmed the content of this affidavit

My Commission Expires on: 4-14-12

JANAE K. COOPER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF IONIA
My Commission Expires April 14, 2012
Acting in the County of _____

2