UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JACK LEE ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-904 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| DAVID A. HOORT, ) | |
| ) | **OPINION** |
| Defendant. ) | |
| _____) | |

This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983 and other civil rights statutes. The only named defendant is David A. Hoort, a circuit judge for the 8th Judicial Circuit of the State of Michigan. Plaintiff's complaint and amended complaint arise from a civil action filed by Mr. Elliott in the 8th Circuit Court against Ionia County, Easton Township, and various county and township officials. (*Elliott v. Downes, et al.*, 8th Circuit Court case no. 06-M-24618-CZ). Plaintiff's amended complaint asserts that Judge Hoort denied him due process of law, violated judicial canons, was biased against him, and was guilty of professional malfeasance in connection with *Elliott v. Downes*. Plaintiff seeks compensatory damages exceeding $1 million, and punitive damages exceeding $3 million.

Presently pending before the court is defendant's motion to dismiss or for summary judgment. Defendant's motion raises judicial immunity and the bar of the *Rooker-Feldman* doctrine. Plaintiff opposes the motion. The parties have consented pursuant to 28 U.S.C. § 636(c) to the dispositive jurisdiction of a magistrate judge. (*See* Consent and Order of Reference, docket # 8).

The court conducted a hearing on the motion to dismiss on March 26, 2008. At the hearing, various documents tendered by plaintiff, which principally relate to previous litigation in the Ionia County courts to which he was a party, were received into evidence. Those documents are identified in Attachment 1 to this opinion. In addition, the court has considered all documents and affidavits submitted by the parties in support of or opposition to the motion. For the reasons set forth below, the court concludes that defendant is entitled to judicial immunity. His motion for summary judgment will therefore be granted on that basis.

### Findings of Fact

The following facts are established by the affidavits and other factual material before the court and are not subject to genuine dispute.

    **A.**    **Previous District Court Litigation Before Judge Hoort**

Plaintiff, Jack Lee Elliott, is a resident of Ionia County, Michigan. Defendant, David A. Hoort, is a circuit judge serving in the 8th Judicial Circuit, which embraces Ionia and Montcalm Counties, Michigan. Previously, defendant Hoort acted as a district judge in the 64-A Judicial District, which covers Ionia County.

Plaintiff's exhibits document his involvement in Ionia County legal proceedings for over a decade. In December of 1995, plaintiff was charged in the 64-A District Court with storing junk vehicles on his property, allegedly in violation of Ionia County ordinance no. 1. (*People v. Jack Elliott*, 64-A District Court case no. 95-1671-SM). When officers presented themselves at Mr. Elliott's home on December 5, 1995, to execute an arrest warrant on the misdemeanor charge, Mr. Elliott allegedly resisted them and assaulted Deputy Sheriff David Green with a rifle. This led to the

filing of a three-count complaint charging plaintiff with assault with a dangerous weapon, resisting and obstructing a police officer, and possession of a firearm during commission of a felony, all of which are felony charges. (*People v. Jack Elliott*, 64-A District Court case no. 95-2478-FY). Plaintiff appeared before defendant Judge Hoort, who was then a district judge, on December 5, 1995, for an initial appearance on these charges. (Plf. Ex. 1).[1] Plaintiff apparently spent 22 days in pretrial detention on the felony charges, because he could not make the cash bond set by District Judge Hoort.

      Plaintiff, accompanied by retained counsel, appeared before Judge Hoort for a preliminary examination on the felony charges in case no. 95-2478-FY on March 14, 1996. Rather than taking evidence, Judge Hoort entertained a lengthy legal argument from defense counsel challenging the constitutionality and statutory validity of the Ionia County junk vehicle ordinance, pursuant to which plaintiff had been arrested. (*See* Plf. Ex. 11). At the end of the argument, however, defense counsel asked Judge Hoort to disqualify himself, principally relying on the fact that on April 10, 1995, Judge Hoort had appeared at a meeting of the Ionia County Township Officers Association to address the question of junk vehicle ordinances. Plaintiff's exhibits include the April 10, 1995 minutes of that organization, which reflect that Judge Hoort spoke in favor of decriminalizing junk car matters, by reducing the misdemeanor to a mere civil infraction punishable only by a fine and costs. (Plf. Ex. 2). After hearing from counsel on the question, Judge Hoort did disqualify himself at the request of plaintiff's counsel. (Plf. Ex. 11 at 36-37).

---

[1] Exhibits identified as plaintiff's exhibits (Plf. Ex.) are those documents presented by Mr. Elliott in open court at the motion hearing on March 26, 2008.

The record does not disclose the ultimate outcome of either the misdemeanor or the felony prosecution commenced against defendant in 1995. Plaintiff has provided to the court, however, a legal opinion (apparently rendered by outside counsel for Ionia County) advising the County Administrator that Ionia County lacked the statutory authority to adopt the junk vehicle ordinance under which plaintiff had been prosecuted and advising the county to repeal it. (Plf. Response, docket # 23, Ex. 12). In addition, the State Attorney General had apparently opined in writing, as early as 1972, that Ionia County lacked statutory authority for such an ordinance. (*Id.*). As noted, however, the record does not reflect whether plaintiff was in fact convicted of violating the junk vehicle ordinance.

      **B.**      **Circuit Court Litigation**

On February 22, 2006, plaintiff filed a *pro se* complaint in the Ionia County Circuit Court against Ionia County, Easton Township, and various county and township officials. Plaintiff's complaint principally involved his arrest and prosecution in 1995, and subsequent events. The complaint charged defendants with trespass, harassment, and other common-law torts. (*Elliott v. Downes*, Ionia County Circuit Court case no. 06-M-24618-CZ). The case was assigned to Judge Charles Miel. Judge Miel, however, immediately disqualified himself *sua sponte*, by order entered six days later. The order of disqualification recites only that some of the defendants in the case are employees of Ionia County and attorneys practicing in the county. (Plf. Response, docket # 23, Ex. 1).[2]

---

[2] A circuit judge's recusal on the basis that some defendants are county employees is puzzling, to say the least. The Michigan court rule governing recusals, MICH. CT. R. 2.003, does not list this ground as a basis for disqualification. Michigan circuit judges are not county employees, nor are they under the county's control. Rather, they are members of the state's independent judicial

On April 4, 2006, plaintiff filed a motion to disqualify Judge Hoort. The motion recited a number of grounds for disqualification, including the judge's relationship to Ionia County, the judge's previous decision to recuse himself eleven years earlier on account of his statements before the Township Officers Association, Judge Miel's decision to disqualify himself, and Judge Hoort's alleged prejudice against plaintiff. (Plf. Response, docket # 23, Ex. 2). Judge Hoort conducted a hearing on the motion to disqualify on April 25, 2006. After plaintiff spoke in support of the motion, the court decided that there was no basis for recusal. The court denied having any personal bias against plaintiff and found no other reason for disqualification. (*See* Transcript, attached as Ex. 9 to Plf. Response, docket # 23). Michigan law affords a litigant the right to *de novo* review by the chief judge of the circuit of denial of a disqualification motion. MICH. CT. R. 2.003(C)(3)(a). In the present case, however, the chief judge was Judge Miel, who had already recused himself. In such circumstances, the court rule requires the challenged judge to refer the motion to the State Court Administrator for assignment to another judge. MICH. CT. R. 2.003(C)(3)(b). Plaintiff availed himself of the right to *de novo* review, and Judge Hoort referred the matter to the State Court Administrator. The State Court Administrator assigned the motion for disqualification to Judge Paul J. Sullivan, of the Kent County Circuit Court. (Plf. Response, docket # 23, Ex. 3). Judge Sullivan conducted a hearing on the motion on July 31, 2006. By opinion and order entered August 31, 2006, Judge Sullivan denied the motion for disqualification. The case was therefore retained by Judge Hoort.

---

branch. In the experience of this court, it is not common for circuit judges to recuse themselves merely because county employees are defendants, a commonplace situation in the circuit courts.

On February 20, 2007, plaintiff filed a supplemental witness list in the circuit court action identifying David A. Hoort as a witness, stating that Hoort "will testify to early actions, which is [sic] the start and basis of the harassment in addition will be the basis of malicious prosecution." (Plf. Response, docket # 23, Ex. 4).

On June 1, 2007, certain defendants moved for dismissal of the circuit court action for plaintiff's failure to attend his deposition. Plaintiff filed an objection to the motion. By order entered June 8, 2007, Judge Hoort denied the motion to dismiss, but ordered plaintiff to appear for his deposition at the courthouse. The court's discovery order was entered without a hearing. (*See* Order, Attachment 1 to Def. Motion for Summary Judgment, docket # 13).

Plaintiff filed the instant federal court action against David A. Hoort and John and Jane Does to be named later, on September 12, 2007. Plaintiff's original complaint challenged the propriety of Judge Hoort's discovery order of June 8, 2007, because it had been entered without a hearing. The complaint also alleged that Hoort wrongfully "inserted court rules" into his order that had not been cited in the notice of deposition and that Hoort had denied him due process by refusing to recuse himself. At the time the present case was filed, the circuit court case was still pending before Judge Hoort.

Two days after the present case was filed, and before it was served upon defendant, Judge Hoort entered a summary judgment on behalf of defendants. In a written opinion and order entered September 14, 2007 (Attachment 1 to Def. Reply Brief, docket # 31), Judge Hoort determined that Sheriff Dennis was entitled to governmental immunity, that plaintiff had failed to allege a claim for trespass to land, that plaintiff had failed to state a claim for "terrorism," that plaintiff had no claim of breach of contract against any defendant, and that defendants were entitled

to summary judgment on the conspiracy claim. Plaintiff has appealed the dismissal to the Michigan Court of Appeals. Although the appeal was at one point dismissed for want of prosecution, plaintiff has represented to the court that the appeal was reinstated.

Plaintiff's amended complaint in the present case, submitted on January 29, 2008, dropped the "John and Jane Doe" defendants and amplified the allegations against defendant Hoort. In the amended complaint, plaintiff challenges Hoort's refusal to disqualify himself, despite his naming as a witness in the case, challenged the June 8, 2007 discovery order, because it was entered without a hearing, challenged defendant's refusal to obey a subpoena plaintiff had served upon him, complained of defendant's decision to hear a summary judgment motion that was not timely filed, and challenged Judge Hoort's cancellation of a hearing on September 10, 2007, after plaintiff had appeared and had waited for twenty minutes.

## Discussion

Plaintiff's claims in this civil rights action all involve acts or omissions of defendant Hoort in connection with *Elliott v. Downes, et al.*, case no. 06-M-24618-CZ, a state civil action in which Hoort was the assigned judge. Defendant seeks summary judgment in his favor on the basis of both the *Rooker-Feldman* doctrine and judicial immunity.

### A.     *Rooker-Feldman* Doctrine

Defendant argues that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that the federal district courts lack appellate jurisdiction to review the final orders of the state courts. The Supreme Court has recently explained

that the *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state court losers" challenging "state court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies when a plaintiff complains of injury from the state court judgment itself. *See Fieger v. Ferry*, 471 F.3d 637, 642-43 (6th Cir. 2006); *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006); *see also Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). In the *Exxon* case, the Supreme Court cautioned that the scope of the *Rooker-Feldman* doctrine is limited. "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.

The *Rooker-Feldman* doctrine does not provide a defense in the present case. Plaintiff is not asking this court to exercise appellate jurisdiction over the state circuit court, nor is he trying to overturn that court's judgment. In fact, plaintiff filed the present case while the circuit court action was still pending. Plaintiff filed his amended complaint after the entry of judgment against him in circuit court, but the amended complaint does not attempt to challenge the validity of the judgment or assert injury from the judgment itself. Rather, plaintiff focuses on discreet actions of the state circuit judge, which plaintiff contends denied him due process of law or were otherwise a violation of his rights. In these circumstances, the *Rooker-Feldman* doctrine is inapplicable.

### B. Absolute Judicial Immunity

Defendant Hoort has invoked the defense of absolute judicial immunity. For the reasons set forth below, the court finds that all of defendant's acts are protected by the doctrine of judicial immunity, which provides him a complete defense to all plaintiff's damage claims in this case.

State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547 (1967). A claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity.

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction.

*Id*. at 12. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997).

Plaintiff has challenged a number of Judge Hoort's actions in plaintiff's complaint, amended complaint, briefs, and statements made during oral argument. In summary, plaintiff contends that the following acts by Judge Hoort were wrongful:

- ordering plaintiff to submit to deposition without first affording him a hearing;
- "inserting court rules" into his order of June 8, 2007, which were not cited in defendant's motion to compel;
- refusal to disqualify himself despite his bias against plaintiff, in violation of Judicial Canons 1 and 2;
- holding hearings without proper notice to plaintiff and telling plaintiff that his presence was not needed in court for a hearing;
- refusing certified mail sent by plaintiff to the court;
- acting as a judge in a case in which plaintiff had named defendant as a witness;
- entertaining a motion for summary judgment that was not timely filed;
- allowing the State Court Administrator to refer the disqualification motion to Judge Sullivan improperly;
- ruling on motions without proper affidavits; and
- violation of Michigan Court Rules.

Under the functional analysis prescribed by the Supreme Court, all of the actions challenged by plaintiff in this case must be deemed judicial in nature, that is, they are normally performed by a judge. Only judges hear cases, rule on motions, set hearings, decide whether or not to disqualify themselves, and perform the other functions intimately involved with the adjudication of cases.[3] *See Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) (setting hearing dates is a "paradigmatic" judicial act); *accord Cantanzaro v. Cottone*, 228 F. App'x 164, 167 (3d Cir. 2007) (decision whether to recuse is a judicial act); *Beddini v. Dilts*, 132 F. App'x 974 (3d Cir. 2005) (*per curiam*) (deciding motions is judicial function). Plaintiff's attempts to argue that Hoort's actions were not judicial in nature are less than insubstantial. Plaintiff argues, for example, that Hoort was not acting as a judge when he entered the discovery order in chambers on June 8, 2007, because the order recites that it was entered "at a session" of the court, but no court clerk was present. The presence or absence of a court clerk is immaterial to the question whether an act was judicial in nature. Even indulging plaintiff's dubious argument that the presence of a court clerk is necessary under state law for all court proceedings, violation of this alleged procedural requirement does not rob the act of its essentially judicial nature. *See Lopez v. Vanderwater*, 620 F.2d 1229, 1234 n.6 (7th Cir. 1980) (judicial acts are not confined to the courtroom; signing orders in chambers is a judicial

---

[3] Virtually all plaintiff's claims of due process violation or impropriety are meritless on their face. For example, his assertion that the judge denied him due process of law by ruling on motions without a hearing states no federal claim. Michigan law expressly grants judges the discretion to decide motions without oral argument. MICH. CT. R. 2.119(E)(3). Neither the Sixth Circuit nor the Supreme Court have ever held that state judges are bound by the Due Process Clause to grant a hearing on motions. Likewise, plaintiff's attempts to hold Judge Hoort responsible for the actions of the State Court Administrator or of Judge Paul Sullivan in the proceedings to review Hoort's decision not to disqualify himself are baseless. Hoort cannot be held responsible for the actions of the State Court Administrator or of other judges. Hoort's clear entitlement to judicial immunity, however, obviates the need for this court to review the substantive merit of any of plaintiff's claims.

act, even if a violation of state procedure). The Supreme Court has specifically held that the commission of grave procedural errors, including those involving due process, does not deprive an act of its essentially judicial nature. *See Stump v. Sparkman*, 435 U.S. at 359. Plaintiff's argument that Judge Hoort signed orders involving an Ionia County case in Montcalm County is also insubstantial. Under Michigan law, the 8th Judicial Circuit embraces both Montcalm and Ionia Counties, and a judge serving in that court has authority to act anywhere in the circuit. *See* MICH. COMP. LAWS § 600.509.

A judge is not immune for judicial actions done in the complete absence of all jurisdiction. *See Mirales*, 502 U.S. at 11. Plaintiff has advanced no facts or law in the present case that would raise even a doubt about Judge Hoort's jurisdiction to hear and determine the civil case that plaintiff filed in the 8th Circuit Court. Michigan circuit courts are courts of general jurisdiction, possessing original jurisdiction in all matters not prohibited by law. MICH. CONST., art. VI, §§ 1, 13; MICH. COMP. LAWS §§ 600.151, 600.601, 600.605. Michigan circuit courts are therefore "presumed to have jurisdiction unless the matter in question is specifically precluded by law." *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997) (quoting *People v. Loukas*, 304 N.W.2d 532, 534 (Mich. Ct. App. 1981)). Here, Michigan law affirmatively invests the circuit court with original jurisdiction "to hear and determine all civil claims and remedies." MICH. COMP. LAWS § 600.605. Defendant's jurisdiction to hear *Elliott v. Downes* was unquestionable.

Defendant is therefore clearly entitled to the protection of judicial immunity. Plaintiff's allegations of due process violations, abuse of power, violation of ethical rules, and malicious intent do nothing to disturb this conclusion. The Sixth Circuit has upheld the recognition of absolute judicial immunity in favor of a judge alleged to have exceeded his authority by

summarily imposing a jail sentence without a hearing or other necessary process, an alleged violation of the Due Process Clause. *See Stern v. Mascio*, 262 F.3d at 606-08. Likewise, an allegation that judge committed a grave procedural error or ethical violation will not strip the judge of the shield of absolute judicial immunity. *Ireland*, 113 F.3d at 1443; *Riser v. Schnieder*, 37 F. App'x 763, 764 (6th Cir. 2002) (state judge entitled to immunity even if decisions were erroneous, tortious, or violated judicial code). The Sixth Circuit has noted that the judicial process, and principally the right to take a direct appeal, is generally sufficient to vindicate individual rights and obviates the need for damage actions against judges to prevent unjust results. *Ireland*, 113 F.3d at 1443.

### C. Other Motions

In addition to defendant's summary judgment motion, two other motions are now pending before the court. Plaintiff has moved to strike defendant's summary judgment motion as frivolous and vexatious. (Motion, docket # 25). The motion to strike raises baseless procedural objections to defendant's summary judgment motion, as well as reiterating plaintiff's substantive claims against defendant. The motion to strike is not meritorious, and it will be denied.

Plaintiff has also filed a motion for sanctions. (docket # 30). The basis for plaintiff's motion is virtually incomprehensible. Plaintiff has not established any basis in law or fact for an award of sanctions against defendant or his counsel.

### Conclusion

Plaintiff's damage action against Judge David Hoort for acts and omissions in adjudicating *Elliott v. Downes*, a circuit court civil action within defendant's jurisdiction, is barred

by the doctrine of absolute judicial immunity. Defendant is therefore entitled to summary judgment in his favor.


Dated: April 14, 2008                     /s/  Joseph G. Scoville
                                          United States Magistrate Judge